ACCEPTED
04-14-00343-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
01/12/2015 12:07:46 PM
KEITH HOTTLE
CLERK

**BAKER BOTTS** L.L.P.

ONE SHELL PLAZA
910 LOUISIANA
HOUSTON, TEXAS
77002-4995

TEL +1 713.229.1234
FAX +1 713.229.1522
BakerBotts.com

ABU DHABI
AUSTIN
BEIJING
BRUSSELS
DALLAS
DUBAI
HONG KONG

HOUSTON
LONDON
MOSCOW
NEW YORK
PALO ALTO
RIO DE JANEIRO
RIYADH
WASHINGTON

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS

01/12/2015 12:07:46 PM

KEITH E. HOTTLE
Clerk

Paul R. Elliott
713.229.1226
FAX 713.229.2726
paul.elliott@bakerbotts.com

January 12, 2015

077971.0126

*By Electronic Filing*

Mr. Keith E. Hottle, Clerk
Fourth Court of Appeals
Cadena-Reeves Justice Center
300 Dolorosa, Suite 3200
San Antonio, Texas 78205-3037

      Re:    Case No. 04-14-00343-CV, *EXLP Leasing LLC and EES Leasing LLC v. Webb County Appraisal District and United Independent School District*

Dear Mr. Hottle:

The United Independent School District filed a notice of additional authority on January 8, 2015. This letter, which I respectfully request that you circulate to Justices Angelini, Barnard, and Martinez, provides context for that authority.

The purportedly relevant new authority—the Twelfth Court of Appeals' opinion in No. 12-13-00393-CV, *Valerus Compression Services v. Gregg County Appraisal District*—is irrelevant to the present appeal. The School District's own appellee's brief (at p. 5) correctly stated that this "case does not involve the merits of Exterran's protest under Tax Code §23.1241 . . . . The issue in this case is whether Exterran, pursuant to Tax Code § 42.08 (b), has forfeited their right to proceed to a final determination of their appeal . . . ."

For that reason, the construction in *Valerus* of Section 23.1241 can play no role in the jurisdictional dispute currently pending before this Court, and the School District's submission of that case as relevant authority is misplaced. If anything, it further demonstrates the School District's and the trial court's common error of misapprehending the crucial distinction between jurisdiction and merits, and thus provides yet another reason for this Court to reverse and remand the judgment below, so that the issue of Section 23.1241's proper construction can be finally addressed on the merits.

                             Sincerely,

                             Paul R. Elliott

Active 17677751.2

cc:     A. Dylan Wood
        Alberto Alarcon
        Paul Saenz
        Benjamin A. Geslison
        Renn Nielson